The Honorable Dean Elliott State Representative 136 Apple Blossom Loop Maumelle, Arkansas 72113-6031
Dear Representative Elliott:
I am writing in response to your request for an opinion on the following issue:
 To determine whether Arkansas Code Annotated Section 14-51-301(b)(1) (Supp. 1999) conflicts with any of the various federal civil rights statutes concerning age based discrimination, including but not limited to The Age Discrimination in Employment Act.
RESPONSE
In my opinion the statute in question, which concerns age limits for employment with certain police and fire departments, does not conflict with the "Age Discrimination in Employment Act" or ("ADEA.") I am not aware of any other "federal civil rights statutes concerning age-based discrimination" which apply at the municipal level.
The relevant statute requires civil service commissions to prescribe, amend and enforce rules and regulations governing fire and police departments in their respective cities. A.C.A. § 14-51-301(a)(1). The rules shall provide, among other things, for the following:
 (b)(1)(A) The qualifications of each applicant for appointment to any position on the police or fire department;
 (B)(i) No person shall be eligible for appointment to any position on the fire department who has not arrived at the age of twenty-one (21) years or who, except as provided in subdivision (b)(1) (C) of this section, has arrived at the age of thirty-two (32) years;
 (ii) No person shall be eligible for appointment on the police department affected by this chapter who has not arrived at the age of twenty-one (21) years;
 (C) Provided, however, the maximum age limit for appointment to any position with a fire department in subdivision (b)(1)(B)(i) of this section shall not apply to:
 (i) Any person who has at least two (2) years of previous experience as a paid firefighter with another fire department and whose years of experience as a paid firefighter when subtracted from the person's age leaves a remainder of not more than thirty-two (32) years; or
 (ii) Any person who is applying for a position with a fire department in which the primary functions of the job involve duties which are administrative, managerial, or supervisory in nature. . . . [Emphasis added.]
I assume that your question has reference to the maximum age limitation of thirty-two years for firefighters in (b)(1)(B)(i) above.[1] Unless one of the new exceptions listed in subsection (C) applies,[2] persons thirty-two years of age and older are not eligible for appointment to fire departments governed by the statute above.
In my opinion this maximum age limitation for firefighters does not violate the federal ADEA. Although the application of that federal act to municipal police and firefighters has changed over the course of the last several years, it currently exempts municipal police and firefighters from its protection. Section 14-51-301 of the Arkansas Code has also changed over the years, apparently in response to changes in federal law. The evolution of the federal law on the point was described in Kopecv. City of Elmhurst, 193 F.3d 894 (7th Cir. 1999) as follows:
 As enacted in 1967, the ADEA did not apply to anyone employed by a state or local government. In 1974, Congress eliminated that exemption . . . but the Supreme Court's subsequent holding in National League of Cities v. Usery, 426 U.S. 833 . . . (1976) . . . raised some doubt as to whether the Tenth Amendment permitted Congress to bind state and local governments to federal age discrimination rules. . . . The Supreme Court settled the question in E.E.O.C v. Wyoming, 460 U.S. 226
. . . (1983), ruling that the ADEA could be applied to state law enforcement officers. . . . However, in 1986 . . . Congress granted state and local governments a temporary exemption from the strictures of the ADEA for law enforcement and firefighting personnel. [See 29 U.S.C. § 623(j)]. . . .[3] Essentially, the amendment permitted state and local governments which, as of March 3, 1983 (the day after the Supreme Court decided E.E.O.C. v. Wyoming), had in place age restrictions for firefighters and law enforcement officers, to continue to apply those restrictions. . . . The amendment also included a sunset provision pursuant to which it would expire on December 31, 1993. . . .
 At the conclusion of this grace period, [December 31, 1993] the ADEA once again became applicable to state and local police officers and firefighters.
 . . . Congress once again tinkered with the ADEA. In 1996 . . . Congress amended the statute to reinstate the expired 1986 provision, thereby restoring the exemption for state and local governments that had age-based restrictions in place for firefighters and law enforcement workers as of March 3, 1983. . . . The 1996 amendment was retroactive to December 31, 1993, the date on which the 1986 provision expired.
193 F.3d at 896-898.
The Kopek court stated that "[m]aking the 1996 amendment retroactive to December 31, 1993 restored the law to its status in 1986, when Congress had first enacted the exemption. . . ." 193 F.3d at 904.
The tacks undertaken in state law in response to this evolution of federal law were described in Op. Att'y. Gen. 97-119, which discussed what was at that time a newly adopted Act 542 of 1997:
 The title of [Act 542 of 1997] indicates that its purpose is to "reinstate" the maximum age limit for appointment to a fire department. . . ." This reference is to the fact that earlier law imposed such a maximum age limit (see Acts 1933, No. 28, § 3; Acts 1959, No. 205, § 1; and Acts 1993, No. 206, § 8), but this maximum limit was repealed by Act 473 of 1995, and thus for the last two years, there has been no such maximum limit. Act 542 of 1997 thus "reinstates" the maximum age limit for appointment to a fire department in a city with a civil service commission.
See also, Ops. Att'y Gen. 92-169 (concluding that the 1986 amendment to the ADEA validates the Arkansas statute) and 93-236 (concluding that the ADEA exempts the Arkansas statute from its ambit, but noting that the federal grace period expires on December 31, 1993).
The only relevant change made to the state law after the adoption ofAct 542 of 1997 was Act 303 of 1999, which added two exceptions to the maximum age requirement. See A.C.A. § 14-51-301(b)(1)(C)(i) and (ii). These exceptions liberalize the maximum age limit for appointment to a fire department in some circumstances.
In light of all the foregoing, it is clear that the 1996 amendment to the ADEA retroactively reinstated the expired exemption excluding law enforcement officers and firefighters from the protection of the ADEA. The Arkansas statute (A.C.A. § 14-51-301(b) (Supp. 1999)) in my opinion, thus does not violate the federal ADEA.
The 1999 amendment to the Arkansas statute does not affect this conclusion. As noted above, the 1999 amendment has the effect of liberalizing the age limitation in certain circumstances. An analogous amendment was discussed in Bouras v. Town of Danvers, 11 F. Supp.2d 159
(D. Mass. 1998). In analyzing the statutory amendment at issue in that case, the Bouras court cited the "Historical and Statutory Notes" to the 1996 Amendment explaining § 623(j)'s "Rule of Construction" as follows:
 [n]othing in the [Act] . . . shall be construed to make lawful . . . the discharge of an individual pursuant to a law . . . enacted after March 3, 1983 and before . . . Sept. 30, 1996; and [which] lowered the age of hiring or retirement, respectively, for firefighters or law enforcement officers that was in effect under applicable State or local law on March 3, 193.
11 F. Supp.2d 159 at 163 (Emphasis original).
The Bouras court noted that "[a]s the `Rule of Construction' makes clear, the drafters of the exemption were not concerned with changes in state law that placed law enforcement officers in a better position with respect to mandatory retirement, only with changes that made things worse." Id.[4]
In my opinion therefore, the maximum age limitation in A.C.A. § 14-51-301
(b) (1)(B)(i) does not violate the ADEA.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] Persons younger than twenty-one years are not protected by the federal "Age Discrimination in Employment Act" and there is currently no maximum age imposed by state law for employment with police departments.
[2] The exception language of subsection (b)(1)(C)(i) and (ii) was added in 1999, by Acts 1999, No. 303.
[3] The pertinent provisions of the federal exception provide that: "It shall not be unlawful for an employer which is a State, a political subdivision of a State, an agency or instrumentality of a State or a political subdivision of a State, or an interstate agency to fail or refuse to hire or to discharge any individual because of such individual's age if such action is taken — (1) with respect to the employment of an individual as a firefighter or as a law enforcement officer . . . and the individual has attained — (A) the age of hiring or retirement, respectively, in effect under applicable State or local law on March 3, 1983; or (B)(i) if the individual was not hired, the age of hiring in effect on the date of such failure or refusal to hire under applicable State or local law enacted after September 30, 1996; or (ii) if applicable State or local law was enacted after September 30, 1996, and the individual was discharged, the higher of — (I) the age of retirement in effect on the date of such discharge under such law; and (II) age 55. . . ."
[4] In any event, the 1999 change in the Arkansas statute occurred after the 1996 amendment of the ADEA. See supra, n. 3.